MOORE (FOSTER v.). See Case No. 4,978.

---

## Case No. 9,761.

### MOORE v. FOWLER et al.

[Hempst. 536.] [1]

Circuit Court, D. Arkansas. May, 1847.

CONSTITUTIONAL LAW—SALE UNDER EXECUTION—APPRAISING PROPERTY—CONTRACTS MADE BEFORE PASSAGE OF LAW.

1. A state law, providing that a sale shall not be made of property under execution unless it will bring two thirds of the valuation affixed to it by three householders, is unconstitutional and void, as to contracts made before its passage. McCracken v. Hayward, 2 How. [43 U. S.] 608.

2. But such a law is valid as to contracts made after its passage, because the laws in existence at the time are necessarily referred to, and form a part of the contract, as effectually as if incorporated in it.

3. Motion to quash appraisement, overruled.

[Action by Alexander D. Moore against Absalom Fowler, Felix G. Secrest, Lewis Snapp, and William Brown, Jr.] Motion to quash appraisement, and the return of the marshal on execution.

George C. Watkins and J. M. Curran, for plaintiff.

A. Fowler, for himself and other defendants.

JOHNSON, District Judge. In the case of McCracken v. Hayward, 2 How. [43 U. S.] 608, the supreme court of the United States have established the doctrine, that a state law, providing that a sale shall not be made of property levied on under an execution, unless it will bring two thirds of its valuation, according to the opinion of three householders, is unconstitutional and void. My opinion was different. U. S. v. Conway [Case No. 14,849]. But the rule established by the supreme court is the law of this court, and to which I shall always cheerfully conform, whatever may be my own views. But

the court expressly limit and restrict the operation of this principle to contracts made before the passage of the law, and declare it inapplicable to contracts made after its passage, upon the ground that the laws in existence when the contract is made are necessarily referred to and form a part of the contract, as the measure of the obligation to perform it by the one party, and the rights acquired by the other. Was the contract in the present case made prior, or posterior to the appraisement act of 1840? The writing obligatory, upon which the action is founded, bears date on the 16th of August, 1844, and consequently was made subsequent to the passage of the act, and is subject to its provisions. Acts 1840, pp. 58, 59. It is contended, however, that this latter contract grew out of a prior one made by the defendant Fowler, before the passage of the act of 1840, and that the date of the original contract is to be considered as the time of making the contract upon which the judgment is based in this suit. I cannot accede to this position. The original contract, on which the first judgment rests, was entered into jointly by Robert Crittenden and Absalom Fowler. The contract upon which the judgment rests in this case was entered into and made jointly by Absalom Fowler, Felix Secrest, Lewis Snapp, and John Brown. The three latter persons were not parties to the original contract, and, as far as they are concerned, it is undoubtedly a new contract; and if it is a new contract as to them, it is equally so as to Fowler; it being an entirety, and not in its nature divisible. Motion overruled.